**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>            Plaintiff<br>     v.<br>THOMAS J. FLEISCHER<br>            Defendant(s) | Civil Action No:   02-CV-4861 |

**ORDER**

    AND NOW, this           day of                   , 2003, upon consideration of Plaintiff's motion for default judgment, the accompanying memorandum of law and affidavit, and any opposition thereto, it is hereby

**ORDERED**

    1.   That plaintiff's motion for judgment is granted.  Judgment is entered in favor of Plaintiff and against Defendant in the amount of $134,382.80 plus interest at the rate of $19.20 per day from January 31, 2002 to the date of any Marshal's Sale or other sale of property.

    2.   That the promissory note and mortgage between plaintiff and Defendant(s) are foreclosed as to the real property described therein. In accordance with Section 204(1) of the National Housing Act there is no right of redemption in the mortgagor or any other person.

    3.   That the real property described therein be sold according to the following:

        (a)  The United States Marshal for the Eastern District of Pennsylvania is directed to sell the real property specified in the mortgage between Plaintiff and Defendant(s) for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section

2001 within 180 days of this Order. Notice must be given, in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the real estate is situated; Plaintiff may advertise a short description of the property rather than a complete legal description.

      (b) Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all his rights in the real estate shall cease and be completely void and the property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, he shall make good the same to the person thereby injured. The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make

settlement with the Marshal in the event of default by the highest bidder.

      (c)   Plaintiff, United States of America or its nominee is granted right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the subject premises.

      (d)   Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court 30 days after the date of sale.

4.   That upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this Court.

5.   That Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

6.   That a true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk.

7.   That jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

BY THE COURT:

_____
J.

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>              Plaintiff<br>      v.<br><br>THOMAS J. FLEISCHER<br>              Defendant(s) | Civil Action No:   02-CV-4861 |

**MOTION FOR DEFAULT JUDGMENT**

   Plaintiff, the United States of America, on behalf of its Agency, the United States Department of Agriculture, respectfully requests entry of a judgment order in this action against Defendant(s) as more fully set forth in the attached Plaintiff's affidavit in support of its Motion for Default and Memorandum of Law.

                        Respectfully submitted,

                        GOLDBECK McCAFFERTY & McKEEVER
                        By:  Michael T. McKeever, Esquire
                        Pennsylvania Attorney I.D. No. 56129
                        Suite 500 – The Bourse Building
                        111 S. Independence Mall East
                        Philadelphia, PA  19106
                        (215) 627 – 1322

                        s/ Michael T. McKeever

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>            Plaintiff<br>    v.<br><br>THOMAS J. FLEISCHER<br>            Defendant(s) | Civil Action No:   02-CV-4861 |

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Michael T. McKeever, on behalf of Plaintiff, United States of America, deposes and states:

1. Service of the Complaint and Summons was made upon the Defendant(s) on March 12, 2003 as evidenced by the Return of Service filed with the Court (Exhibit "A").

2. Defendant(s) failed to plead or otherwise defend as required within twenty (20) days from receipt of service.

3. To the best of my knowledge, Defendant(s) is not in the military service of the United States of America within the purview of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, and presently is neither a minor, or incompetent.

4. I have reviewed certain records of the U.S. Department of Agriculture. According to these records and as set forth in Plaintiff's Complaint there is now due and owing to the U.S. Department of Agriculture the following sums:

| | |
|---|---|
| PRINCIPAL BALANCE | $90,426.60 |
| Interest from 08/22/2000 to 01/31/2002 at 7.7500% | $9,523.35 |
| Attorney's Fee at 5.0% of Principal Balance | $4,521.33 |
| Interest Recapture | $27,028.12 |
| Costs of suit and Title Search | $750.00 |
| | $132,249.40 |
| Taxes and Insurance | $0.00 |
| | $2,133.40 |

$134,382.80

Plus interest accruing upon the unpaid balance from January 31, 2002 at the daily rate of $19.20.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4 day of April, 2003.

                        Respectfully submitted,

                        GOLDBECK McCAFFERTY & McKEEVER
                        By:  Michael T. McKeever, Esquire
                        Pennsylvania Attorney I.D. No. 56129
                        Suite 500 – The Bourse Building
                        111 S. Independence Mall East
                        Philadelphia, PA  19106
                        (215) 627 – 1322

                        s/ Michael T. McKeever

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
UNITED STATES OF AMERICA
                Plaintiff
       v.                          Civil Action No:   02-CV-4861

THOMAS J. FLEISCHER
                Defendant(s)
```

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**I.    FACTS**

On or about January 22, 1993, the United States of America by the United States Department of Agriculture (" Plaintiff ") granted loans in the amount of $93,200.00 to Defendant(s) as evidenced by promissory notes. A true and correct copy of the promissory note is attached to the Complaint as Exhibit "A". (" Notes ")  The Notes bore interest and provided for payments of monthly installments and authorized the holder to accelerate the maturity should any installment remain unpaid on the date of the next installment plus recapture any accrued interest.  On or about January 22, 1993, Defendant(s) secured their loan by executing and delivering to Plaintiff a mortgage encumbering the premises described therein. A true and correct copy of this recorded mortgage is attached to the Complaint as Exhibit "B". (Mortgage") Plaintiff, the United States of America, is the lawful owner and holder of this Note and the Mortgage.

The Defendant(s) is the current record owner of the mortgage premises and they defaulted on the note by failing or refusing to pay installments of principal and interest when due, and has failed to pay real estate taxes when due.  The real property that is collateral for the Mortgage is the property that is located at 3225 Randy Road,

Lancaster, PA 17601.

As of January 31, 2002, defendant is indebted to the United States in the amount of $134,382.80. Interest continues to accrue at a daily rate of $19.20.

The complaint seeking mortgage foreclosure was filed on July 19, 2002.  Service was effected on Defendant on March 12, 2003 as evidenced by the Return of Service filed with the Court.  To date, no answer or responsive pleading has been filed.

## II. AS A MATTER OF LAW PLAINTIFF IS ENTITLED TO ENTRY OF JUDGMENT IN ITS FAVOR

An action to foreclose on a mortgage is proceeding to determine the existence, extent and priority of a mortgage lien and to obtain the sale of the real property pledged to secure its satisfaction. United States v. Scholnick, 606 F.2d 160, 165 (6th Cir. 1979).  The Court may grant judgment in a mortgage foreclosure action such as the present one when no genuine issue of fact exists.  See, United States v. Golden Acres, Inc., 520 F. Supp 1073 (D. Del. 1981); and see, United States v. Winthrop Towers, 628 F.3d, 1029, 1036 (7th Cir. 1980).

Federal law governs questions involving the rights of the United States arising under nationwide federal programs, United States vs. Kimbell Foods, Inc., 440 U.S. 715, 726 (1979);  see, Clearfield Trust Co. vs. United States, 318 U.S. 363, 366-367 (1943), as well as the rights and liabilities of the parties upon
default of a federally held or insured loan, United States v. Kimbell Foods, Inc., 440 U.S. at 726.

The Mortgage obligates defendant to pay promptly the indebtedness evidenced by the Promissory Note at the time provided in the Note. The mortgage provides that the entire amount of indebtedness shall become immediately due without notice or demand upon defendant's failure to pay the amount of any installments due.  Federal Rule of Civil Procedure 55 (b)(2) permits this Court to enter judgment by default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend within the time provided by the rules.  Since defendant has failed to plead, judgment is appropriate.

### III. CONCLUSION

For all the above reasons, plaintiff respectfully submits that there is no genuine issue of material fact and that pursuant to Federal Rule of Civil Procedure 55 (b), the United States is entitled to entry of judgment in its favor as a matter of law.  Plaintiff therefore submits that Judgment be entered in its favor and that its proposed order setting forth the matter in which the property be sold according to law be entered.

                        Respectfully submitted,

                        GOLDBECK McCAFFERTY & McKEEVER
                        By:  Michael T. McKeever, Esquire
                        Pennsylvania Attorney I.D. No. 56129
                        Suite 500 – The Bourse Building
                        111 S. Independence Mall East
                        Philadelphia, PA  19106
                        (215) 627 – 1322

                        s/ Michael T. McKeever

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>            Plaintiff<br>     v.<br><br>THOMAS J. FLEISCHER<br>            Defendant(s) | Civil Action No:   02-CV-4861 |

**CERTIFICATE OF SERVICE**

I do hereby certify that service of the foregoing Motion for Default, Memorandum of Law, Proposed Order, Affidavit, and Certificate of Service was made upon:

>THOMAS J. FLEISCHER
>3225 Randy Road
>Lancaster, PA 17601

by mailing a true and correct copy thereof, postage prepaid, on this 4 day of April, 2003.

>Respectfully submitted,
>
>GOLDBECK McCAFFERTY & McKEEVER
>By:  Michael T. McKeever, Esquire
>Pennsylvania Attorney I.D. No. 56129
>Suite 500 – The Bourse Building
>111 S. Independence Mall East
>Philadelphia, PA  19106
>(215) 627 – 1322
>
>s/ Michael T. McKeever